In the Matter of WALTER H. BLAICH, JR., a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, April 19, 1993

### APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn *(Diana Maxfield Kearse* of counsel), for petitioner.

### OPINION OF THE COURT

Per Curiam.

On February 24, 1993, the respondent was convicted in the

County Court, Putnam County, *inter alia,* of grand larceny in the second degree in violation of Penal Law § 155.40, a class C felony. By order of this Court dated February 25, 1993, the respondent's motion pursuant to CPL 460.50 for a stay of execution of the aforesaid judgment was granted.

Pursuant to Judiciary Law § 90·(4), the respondent ceased to be an attorney and counselor-at-law upon his conviction of a felony.

Accordingly, the petitioner's motion is granted. The respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately. Were it not for his conviction of a felony, the respondent would have been disbarred based upon his default in responding to the petition and motion by the Grievance Committee for a default judgment which were personally served on his counsel on August 11, 1992, and September 29, 1992, respectively.

MANGANO, P. J., BRACKEN, SULLIVAN, BALLETTA and ROSENBLATT, JJ., concur.

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent Walter H. Blaich, Jr. is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Walter H. Blaich, Jr., is commanded to continue to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that the pursuant to section 691.10 (g) of the rules of this Court (22 NYCRR 691.10), Gary C. Samuels, Esq., 300 North Main Street, P.O. Box 525, Spring Valley, NY 10977,

and Carol L. Barbash, Esq., 436E Sommerset Drive, Pearl River, NY 10965, are appointed to inventory the respondent's files and take such action as deemed proper and advisable to protect the interests of the respondent's clients and for the protection of the interest of the disbarred attorney.